**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **PAIGE COX,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 4:26-cv-685** |
| **vs.** | § | |
| | § | |
| **GEORGE MAXWELL** | § | |
| **PILAND, individually, and** | § | **JURY DEMANDED** |
| **MAX FRANCHISES, LLC** | § | |
| **d/b/a MATHNASIUM OF** | | |
| **AUBREY,** | | |
| | | |
| *Defendants*. | | |

---

## PLAINTIFF PAIGE COX'S ORIGINAL COMPLAINT AND JURY DEMAND

---

Plaintiff Paige Cox ("Cox"), by and through counsel, Davis Employment Law, PLLC, brings this unpaid wages action against Defendants George Maxwell Piland, individually, and Max Franchises, LLC d/b/a Mathnasium of Aubrey, (collectively, "Defendants") and alleges:

### I.    NATURE OF ACTION

1. Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey is a Mathnasium franchisee located in Aubrey, Texas. It is owned and operated by Defendant George Maxwell Piland, and holds itself out as "the #1 math-only learning center". Despite supposedly teaching mathematics to young students, Defendants could not themselves properly calculate the overtime compensation owed to Cox, one of their employees.

2. For at least three years, Defendants have cheated Cox out of her hard-earned wages. Defendants systematically underreported the number of hours employees work on their paystubs, implemented unlawful no-overtime policies, and required employees to work

off-the-clock. In doing so, it is estimated that Defendants have avoided paying thousands of dollars in regular wages and overtime premiums to its employees, including Cox.

3. Cox brings this action, pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., to recover the unpaid wages she is owed as well as other relief.

## II.    JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this civil action because Cox asserts claims arising under federal law. Specifically, Cox asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Eastern District of Texas, Sherman Division because a substantial part of the events or omissions giving rise to this action occurred at 26742 East University Drive, Building 100 Suite 200, Aubrey, Texas 76227 which is located in Denton County, Texas.

## III.    PARTIES

**Plaintiff Paige Cox**

1. Plaintiff Paige Cox is an individual who resides in Denton County, Texas.

2. Cox was employed by Defendants from approximately April 3, 2023 to April 1, 2026.

3. During her employment, Cox worked primarily from Defendants' center located at 26742 East University Drive, Building 100 Suite 200, Aubrey, Texas 76227 and would also service many of Defendants' clients through an Internet-based portal. Cox would access the Internet-based portal from the center and from her residence in Denton County, Texas.

4. At all times material to Cox's employment by Defendants, Cox was an "employee" who was engaged in commerce or in the production of goods for commerce and whom

Defendants "employ[ed]" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(g).

**Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey**

5. Defendant Max Franchises, LLC is a domestic limited liability company whose registered office is located in Denton County, Texas at 1600 Fairway Drive, Corinth, TX 76210. Defendant Max Franchises, LLC may be served with process by serving its registered agent for service of process, Jeffrey Scott Piland, 1600 Fairway Drive, Corinth, TX 76210.

6. At all times material to Cox's employment with Defendants, Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey was an employer of Cox, as defined by 29 U.S.C. § 203(d).

7. At all times material to Cox's employment with Defendants, Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey was engaged in an "enterprise" as defined by 29 U.S.C. § 203(r).

8. At all times material to Cox's employment with Defendants, Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of Section 3(s)(1) of the Fair Labor Standards Act in that it has employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and does have an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level.

**Defendant George Maxwell Piland**

9. Defendant George Maxwell Piland is an individual who, on information and belief,

currently resides at 1600 Fairway Drive, Corinth, TX 76210.

10. At all times material to Cox's employment with Defendants, Defendant George Maxwell Piland was the Owner and Center Director of Max Franchises, LLC d/b/a Mathnasium of Aubrey. As the Center Director, Defendant George Maxwell Piland was personally responsible for running the day-to-day business of the Mathnasium of Aubrey center and acted directly or indirectly in the interest of Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey.

11. At all times material to Cox's employment with Defendants, Defendant George Maxwell Piland possessed and exercised broad authority over the operations of Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey and, as a result, could hire, fire and discipline employees of thereof.

12. Defendant George Maxwell Piland recruited, interviewed, and made the decision to hire Cox as an Instructor and later to promote her as a Lead Instructor.

13. Throughout Cox's employment with Defendants, Defendant George Maxwell Piland supervised Cox's work, assigned and directed Cox's work duties, set the conditions of Cox's work, established Cox's rate of pay, processed payroll, distributed paychecks, often late, to Cox, and maintained various employee records concerning Cox, including timesheets and paycheck stubs.

14. At all times material to Cox's employment with Defendants, Defendant George Maxwell Piland exercised control over the terms and conditions of Cox's employment, including hiring, supervising, assigning tasks, determining work schedules, issuing payment, and creating and maintaining personnel records. Consequently, Defendant George Maxwell Piland is an "employer" within the meaning of the Fair Labor Standards Act.

## IV.    FACTUAL BACKGROUND

1. Cox repeats and realleges all preceding paragraphs.

2. Defendants owned and operated a Mathnasium franchise in Aubrey, Texas. Although it held itself out as a math-only "educational" institution, Defendant Max Franchises, LLC d/b/a Mathnasium of Aubrey has never been licensed by the Texas Education Agency, the Texas Private School Accreditation Commission, any other state agency responsible for the state of Texas's educational system, or any recognized educational accrediting organization. At its core, it is a tutoring and supplemental learning service provider.

3. Defendants employed Cox as an Instructor and Lead Instructor/Assistant Center Director.

4. Cox held the Instructor position from April 3, 2023 through July 6, 2024. Defendants paid Cox $15.00 per hour for her work as an Instructor.

5. Cox's principal duties as an Instructor included tutoring primary and secondary school students in mathematics at the tutoring center owned and operated by Defendants and remotely via an Internet-based portal.

6. Cox excelled in her role as an Instructor and Defendants promoted Cox to Lead Instructor/Assistant Center Director on or about July 7, 2024. A nominal raise accompanied the promotion, which brought Cox's pay to $16.50 per hour. Lead Instructor is a misnomer because Cox never actually held a leadership role with Defendants. Cox was not responsible for hiring, firing, or supervising subordinate employees, or managing the business of the tutoring center. Instead, she continued to tutor primary and secondary school students in mathematics and completed administrative and janitorial tasks until her employment with Defendants ended on or about April 1, 2026.

7. Throughout her employment with Defendants, Cox regularly worked fifty (50) or more hours per workweek for several workweeks.

8. Defendants knew or should have known Cox consistently worked in excess of forty (40) hours per workweek because, among other reasons, each week Defendants set Cox's work schedule and scrutinized Cox's timekeeping records wherein she reported the hours she worked.

9. At all times material to Cox's employment with Defendants, Defendants also knew or should have known of their obligation to pay overtime compensation to Cox for all hours worked in excess of forty (40) each workweek. Cox sent Defendants frequent text messages and email reminders of their obligation to pay overtime compensation to her.

10. Defendants, however, never paid Cox overtime premiums for any of the hours she worked beyond 40 hours per workweek.

11. Rather than pay Cox overtime premiums when she worked in excess of forty (40) hours per workweek, Defendants repeatedly deployed a variety of intentional and willful strategies to pocket her hard-earned wages and enrich their business, including:

   a. paying Cox only "straight time" or her regular rate of pay for all hours worked even when her hours exceeded forty (40) hours for a given workweek,

   b. altering Cox's timesheets to erase compensable time to appear as if Cox worked forty (40) or fewer hours in a given workweek when Cox had actually worked more than forty (40) hours that workweek, and then issuing paychecks based on the altered timesheets,

   c. requiring Cox to perform "off-the-clock" work before she had punched in to and after she had punched out of Defendants' timekeeping system; and

d.  utilizing a rounding policy that was implemented in such a way that it resulted, over a period of time, in the failure to compensate Cox for all the time she actually worked.

12. The Fair Labor Standards Act violations discussed herein occurred during multiple workweeks throughout Cox's employment with Defendants; however, as an example of one workweek where Defendants failed to pay Cox's overtime premiums for hours worked in excess of 40 hours, Cox refers to the pay period of March 22, 2026 through March 28, 2026. Cox worked at least 54 hours that workweek at a rate of 16.50 per hour and was paid $16.50 for each hour, or $891.00 before mandatory withholdings. At least fourteen (14) of those hours should have been, but were not, paid at Cox's overtime rate of $24.75 per hour during the pay period.

## V.   CAUSE OF ACTION

### FLSA – UNPAID OVERTIME WAGES

13. Cox repeats and realleges all preceding paragraphs.

14. Defendants were Cox's employers within the meaning of the Fair Labor Standards Act.

15. Defendants were required to pay Cox one and one-half (1 ½) times her regular rate of pay for all hours worked in excess of forty per workweek pursuant to the overtime provisions set forth in the Fair Labor Standards Act, 29 U.S.C. § 207 et seq.

16. Defendants failed to pay Cox the overtime wages to which she was entitled under the Fair Labor Standards Act.

17. There is no overtime exemption under the Fair Labor Standards Act that exempts Cox or Defendants from the Fair Labor Standards Act's mandatory overtime provisions because, among other things, Cox was never paid on a salary basis during her employment with

Defendants.

18. Defendants willfully violated the Fair Labor Standards Act by knowingly and intentionally failing to pay Cox overtime wages she earned during her employment with Defendants.

19. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.

20. Defendants failed to make a good faith effort to comply with the Fair Labor Standards Act with respect to Cox's compensation.

21. As a result of Defendants' violations of the Fair Labor Standards Act, Cox is entitled to recover unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorney's fees and costs.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paige Cox respectfully requests that this Court enter judgment as follows:

a.  Declaring Defendants violated the overtime wage provisions of the Fair Labor Standards Act;

b.  Declaring that Defendants' violations of the Fair Labor Standards Act were undertaken willfully;

c.  Awarding Cox damages for unpaid overtime wages;

d.  Awarding Cox damages for back pay and front pay arising out of the repeated violations of her rights under the Fair Labor Standards Act;

e.  Awarding Cox liquidated damages under the Fair Labor Standards Act;

f.  Awarding Cox pre- and post-judgment interest;

g.  Awarding Cox reasonable attorneys' fees and costs; and

h.  Granting such other and further relief as this Court deems just and proper.

## VII.   JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Paige Cox hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Davis Employment Law, PLLC

By: *Brittaney Davis*

Brittaney N. Davis
8350 N. Central Expressway
Suite 1900
Dallas, TX 75206
Tel: 214-224-0466
brittaney@davisemploymentlaw.com